UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL STOKES,<br><br>         Plaintiff(s),<br><br>v.<br><br>OLYMPIAN LEISURE SERVICES d/b/a ENTOURAGE VEGAS SPA AND HEALTH CLUB,<br><br>         Defendant(s). | Case No. 2:22-cv-01228-CDS-MDC<br><br>**REPORT AND RECOMMENDATION**<br>**TO GRANT MOTION TO STRIKE (ECF No. 24)** |

I make this Report and Recommendation to the Hon. Cristina D. Silva, United States District Judge. The plaintiff's *Motion to Strike Defendant's Untimely Motion for Summary Judgment* ("Motion") (ECF No. 24) was referred to me on March 22, 2024, pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. I have reviewed the Motion and related briefs and have also reviewed plaintiff's *Motion for Partial Summary Judgment* (ECF No. 19) and defendant's *Cross Motion for Summary Judgment* (ECF No. 21) because they are relevant and helpful to the determination of plaintiff's Motion. I recommend that plaintiff's Motion be GRANTED for the reasons below.

**I.**
**FACTUAL AND PROCEDURAL HISTORY**

On December 22, 2022, the Court entered an order approving the parties' *Joint Stipulated Discovery Plan Pursuant to Rule 26(f)* ("Scheduling Order")(ECF No. 17). Among other deadlines, the Scheduling Order required all dispositive motions to be filed no later than July 21, 2023 (ECF No. 17). On July 21, 2023, plaintiff filed a *Motion for Partial Summary Judgment* ("MSJ")(ECF No. 19). On August 11, 2023, defendant filed a *Limited Opposition to Plaintiff's Motion for Summary Judgment* (ECF No. 20) as well as a *Cross-Motion For Summary Judgment* ("Cross-MSJ")(ECF No. 21). On August 24, 2024, plaintiff filed its Motion, which seeks to strike defendant's Cross-MSJ.

In his Motion, plaintiff argues that defendant's Cross-MSJ should have been filed by the July 21, 2023, dispositive motion deadline and is therefore, untimely. Plaintiff further argues that defendant neither moved to amend the Court's Scheduling Order, nor demonstrated good cause and excusable neglect to file its Cross-MSJ after the July 21, 2023, dispositive motion deadline.

Defendant argues that its Cross-MSJ is not a "stand alone motion" but is a responsive cross-motion that is related to the subject matter of plaintiff's MSJ (ECF No. 19) and therefore proper and timely. In support of its argument, defendant relies on Eastern District of California authorities for the general proposition that cross-motions for summary judgment may be made at the time designated for the opposition, so long at the subject matter of the cross-motion is related to the motion. *See* ECF No. 26 at 2, *citing Perez v. Vezer Indus. Pros., Inc*., 2012 WL 218943 (E.D. Cal. Jan. 24, 2012); and *Coleman v. Virga*, 2021 WL 4479201 (E.D. Cal. Sept. 30, 2021).

## II.
## DISCUSSION

"The Court has broad discretion in supervising the pretrial phase of litigation," including the authority to determine the preclusive effect of a pretrial order." *Dayton Valley Invs., LLC v. Union Pac. R.R. Co*., No. 2:08-CV-127-ECR-RJJ, 2009 WL 10708895, at *3 (D. Nev. Sept. 30, 2009)(internal quotations omitted)(quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992). "It is not an abuse of discretion for a court to deny or strike a motion on the basis that it is untimely filed according to the timetable set by the scheduling order." *Dayton Valley Invs., LLC,* 2009 WL 10708895, at *3.

**1.   Defendant's Do Not Obtain Leave, An Extension Or Otherwise Show Good Faith Or Excusable Neglect**

The Court's Scheduling Order provides the deadline for filing dispositive motions was July 21, 2023 (ECF No. 17). LR 26-3 provides that any date set by a scheduling order may be extended only by filing a motion or stipulation. *Id.* Additionally, LR 26-3 requires such that motion or stipulation show good cause for the extension and, if the extension is made after the expiration of any subject deadline, an

additional showing of excusable neglect. *Id.* The parties did not stipulate to extend the July 21, 2023, dispositive motion deadline imposed by the Scheduling Order. Defendant did not move to extend that dispositive motion deadline. Defendant did not show good cause and excusable neglect for missing such deadline in either its Cross-MSJ (ECF No. 21) or its opposition (ECF No. 26) to plaintiff's Motion. Defendant ignored the requirements and burdens of LR 26-3 altogether. Thus, defendant's Cross-MSJ (ECF No 21) should be struck or denied because it is untimely. *See Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1117 (D. Nev. 2011)("The Court will not consider Plaintiffs' Counter–Motion. Plaintiffs did not timely file the motion, this Court previously denied Plaintiffs' request to extend the dispositive motion deadline… and Plaintiffs filed the Counter–Motion without leave of the Court."); *Espinosa v. Bannister*, 2016 WL 11449082, at *3 (D. Nev. Mar. 7, 2016)(denying *pro se* plaintiff's cross motion for summary judgment because it was untimely and rejecting his argument that cross-motion for summary judgment may be filed in response to the other party's motion for summary judgment), *report and recommendation adopted in part, rejected in part*, 2016 WL 3633439 (D. Nev. July 5, 2016), *aff'd*, 691 F. App'x 838 (9th Cir. 2017)(adopting denial of plaintiff's motion for summary judgment); *McGowan v. Credit Mgmt. LP*, 2015 WL 5682736, at *3 (D. Nev. Sept. 24, 2015)("Because McGowan's motion for summary judgment was a part of her opposition to Credit Management's motion for summary judgment, I will not strike McGowan's motion but I will deny it as untimely."); *First 100 LLC v. Bank of Am., N.A.*, No. 213-CV-00680-LDG-NJK, 2017 WL 4227937, at *3 (D. Nev. Sept. 21, 2017)(denying cross-motion for summary judgment because filed after the dispositive motion deadline)("Kal-Mor did not request an extension for more time from the court regarding a countermotion for summary judgment. Kal-Mor filed the motion…. past the deadline for filing dispositive motions and without leave of the Court. Therefore, the Court denies Kal-Mor's countermotion for summary judgment.").

//

//

//

      2.      **The Local Rules for District of Nevada Do Not Provide For Cross-Motions For Summary Judgment To Be Filed At The Time of The Opposition**

Defendant's reliance on Eastern District of California authorities (*i.e., Perez* and *Coleman*) for the proposition that cross-motions for summary judgment may be made at the time designated for the opposition is misplaced. Those authorities are based on the Local Rules for the District Court for the Eastern District of California, which expressly provide for cross-motions to be filed at the time of the opposition. Local Rule 230(e) for the Eastern District of California provides:

> (e) Related or Counter-Motions. Any counter-motion or other motion that a party may desire to make that is related to the general subject matter of the original motion shall be served and filed in the manner and on the date prescribed for the filing of opposition.

*Id.*

The Local Rules for the District of Nevada do not include such a provision. To the contrary, LR 26-1(b)(4) expressly provides a singular deadline for all dispositive motions. *Id.*

      3.      **Defendant's Cross-MSJ Raises New Subject Matter Beyond The Plaintiff's MSJ**

I have also considered whether defendant's Cross-MSJ may nevertheless be accepted under the Court's inherent discretion to control its docket[1] and FRCP 1's goal of securing "the just, speedy, and inexpensive determination of every action." *Id.* For these two elements, I considered whether defendant's Cross-MSJ relates to the subject matter of the plaintiff's partial MSJ and concluded that defendant's Cross-MSJ does not relate to the subject matter of plaintiff's partial MSJ.

Plaintiff's partial MSJ seeks partial summary judgment only on the issue of liability on the single copyright infringement claim of his Complaint. *See* ECF No. 19-1 at 1:1-3. In other words, the single subject matter framed by plaintiff's partial MSJ is whether defendant's have infringed on his copyright. There are only two elements at issue in establishing a copyright infringement claim: "(1) ownership of a

---

[1] *See Dayton Valley Invs., LLC*, 2009 WL 10708895, at *3.

valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282, 1296 (1991); *see also* 17 U.S.C. §501(a)-(b) and *Ninth Circuit Model Jury Instruction 17.5*.[2] Defendant's cross-MSJ, however, raises the issue of damages (ECF No. 21 at 10 *et seq*.), which is not one of the elements for copyright infringement (*see id.*) and manifestly a new issue, beyond the liability subject matter framed by plaintiff's partial MSJ.

## RECOMMENDATION

For the foregoing reasons, I recommend that:

1. Plaintiff's Motion (ECF No. 21) should be GRANTED.

2. Defendant's Cross-MSJ (ECF No. 21) should be STRUCK or DENIED as untimely.

It is so recommended.

Dated this 26th day of March 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

---

[2] Ninth Circuit Model Jury Instruction 17.5 states:
   **17.5 Copyright Infringement—Elements—Ownership and Copying**
   **(17 U.S.C. § 501(a)-(b)))**
   Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.
   On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:
   1. the plaintiff is the owner of a valid copyright; and
   2. the defendant copied original expression from the copyrighted work.
   If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.  *Id.*