UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michael Stokes,<br><br>　　　　Plaintiff<br><br>vs.<br><br>Olympian Leisure Services d/b/a Entourage Vegas Spa and Health Club,<br><br>　　　　Defendant | Case No. 2:22-cv-01228-CDS-MDC<br><br>**Order Adopting Report and Recommendation, Striking Defendant's Cross-Motion for Summary Judgment and Granting Plaintiff's Partial Motion for Summary Judgment**<br><br>[ECF Nos. 19, 21, 24, 30, 31] |

This is a copyright infringement action filed by plaintiff Micheal Stokes against defendant Olympian Leisure Services d/b/a Entourage Vegas Spa and Health Club for Olympian's alleged unauthorized use of four of Stokes' copyrighted photographs (Photographs) on its social media accounts. ECF No. 1. Stokes moves for partial summary judgment on the issue of direct copyright infringement. ECF No. 19. Olympian responded to the motion by conceding direct copyright infringement, and cross-moved for summary judgment on the issue of willful copyright infringement and, relatedly, damages. ECF No. 21. Stokes moved to strike the cross-motion as untimely because Olympian filed it almost one month past the dispositive deadline. ECF No. 24. Magistrate Judge Maximiliano D. Couvillier, III recommended that I strike Olympian's cross-motion as untimely. Report and Recommendation (R&R), ECF No. 30. Olympian filed objections to the R&R (ECF No. 31), and Stokes responded (ECF No. 32). For the following reasons, I adopt the R&R in full, strike Olympian's cross-motion for partial summary judgment, and grant Stokes' motion for partial summary judgment.

I.  **Background**

Stokes is a professional photographer. ECF No. 19-2 at ¶ 1. He specializes in male models, with a focus on photographing disabled combat veterans. *Id.* Stokes is the author of four photographs, relevant to this action: (1) a photograph of male model JR Bronson posing shirtless

in a sailor hat and beige pants ("Photograph 1"[1]); (2) a photograph of Collin Wayne in yellow pants and red suspenders ("Photograph 2"[2]); (3) a photograph of Aron Abikzer in army camouflage pants and a backpack ("Photograph 3"[3]); and (4) a photograph of BT Urruela, an amputee ("Photograph 4"[4]). *Id.* at ¶¶ 10, 12, 14, and 16.

Olympian is the owner and operator of a bath house in Las Vegas. *Id.* at ¶ 18. Stokes did not grant Olympian any license, permission, or other right to use the Photographs in its advertising or in connection with anything else. *Id.* at ¶¶ 33–34. In March 2022, Stokes observed the Photographs on Olympian's Facebook and Instagram accounts.[5] *Id.* at ¶ 24.

## II.  Legal Standard

### A.  Review of report and recommendation

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court is 'left

---

[1] Photograph 1 was registered by the United States Copyright Office ("USCO") on October 21, 2015, under Registration No. VA 1-977-391. *Id.* at ¶ 11.

[2] Photograph 2 was registered by the USCO on October 19, 2015, under Registration No. VAu 1-222-629. *Id.* at ¶ 13.

[3] Photograph 3 was registered by the USCO on October 21, 2015, under Registration No. VAu 1-977-391. *Id.* at ¶ 15.

[4] Photograph 4 was registered by the USCO on October 19, 2015, under Registration No. VAu 1-222-632. *Id.* at ¶ 17.

[5] Photograph 1 was displayed on the Accounts at URLs: ttps://www.facebook.com/Entourage Spa/photos/1297213333690551 and https://www.instagram.com/p/BTaD68rA4w7/. *Id.* at ¶ 25. Photograph 2 was displayed on the Accounts at URLs: https://www.facebook.com/EntourageSpa/photos/1519935698084979 and https://www.instagram.com/p/BdakvlHDa5I/. *Id.* at ¶ 26. Photograph 3 was displayed on the FB Account in a post-dated March 16, 2016 at URL: https://www.facebook.com/EntourageSpa/photos/962986747113213. *Id.* at ¶ 27. Photograph 4 was displayed on the IG Account in a post-dated August 30, 2018 at URL: https://www.instagram.com/p/BnH2dG1hOD2/. *Id.* at ¶ 28.

with a definite and firm conviction that a mistake has been committed." *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

### B. Summary judgment

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in FRCP 56. *See* Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is material if it could affect the outcome of the case. *Id.* at 249. At the summary judgment stage, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The moving party for summary judgment may meet their burden by "identifying ... portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322 (citing Fed. R. Civ. P. 56(c) (quotations omitted)). Under Federal Rule of Civil Procedure 56(e), exhibits attached to affidavits for the purpose of summary judgment must be identified and authenticated. Fed. R. Civ. P. 56(e). "Authentication is a condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Evid. 901(a) (quotation and footnote omitted)).

For motions where the moving party will bear the ultimate burden of proof at trial, like here, plaintiff bears the burden of proof on all essential elements of his claim. *Southern Cal. Gas Co. v. Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Stated otherwise, Stokes must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr*, 285 F.3d at 773.

### III. Discussion

#### A. Magistrate Judge Couvillier's R&R is adopted in full.

In response to Stokes' motion to strike Olympian's cross-motion for summary judgment, Judge Couvillier recommended that the cross-motion be stricken as untimely. ECF No. 30. I agree. The dispositive motion deadline in this case was July 21, 2023. ECF No. 17. Olympian filed its cross-motion for summary judgment on August 11, 2023, with no request for an extension or explanation for the untimeliness. ECF No. 21; *see* LR 26-3 ("A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must . . . . be supported by a showing of good cause for the extension.").

Olympian makes several unavailing objections as to why I should not adopt the R&R, which I address in turn. Olympian first argues that Judge Couvillier placed undue weight on LR 26-3, emphasizing that, instead, this issue should be determined by the court's "inherent power to manage its own docket and foster the just, inexpensive determination of an action . . . . notwithstanding any non-compliance with LR-26." ECF No. 31 at 4. Second, Olympian argues that the position Judge Couvillier advances would result in the untenable situation where a party moving for summary judgment "can avoid a cross-motion for summary judgment simply by filing on the last day of the dispositive motion deadline." *Id.* Third, Olympian complains that Judge Couvillier failed to give proper weight to *Garver v. Washoe County*, a case which Olympian contends signals that a cross-motion filed beyond the discovery deadline in connection with an opposition is appropriate. *Id.* at 5 (citing 2011 WL 6002969, at *10 (D. Nev. Nov. 28, 2011)).

4

Finally, Olympian argues that Judge Couvillier's "single criterion of whether the cross-motion raises new subject matter is arbitrary and misplaced[.]" *Id.* at 6.

I review these issues de novo. First, while I agree with Olympian that, ultimately, the court's inherent discretion to manage its docket predominates, I disagree with Olympian to the extent it argues that Judge Couvillier placed undue weight on LR 26. Judge Couvillier's consideration of a relevant local rule in his analysis was appropriate, and he properly took into account the court's inherent discretion to control its docket in making his ultimate recommendation. R&R, ECF No. 30 at 4 ("I have also considered whether defendant's Cross-MSJ may nevertheless be accepted under the Court's inherent discretion to control its docket and FRCP 1's goal of securing 'the just, speedy, and inexpensive determination of every action.'") (citation omitted). Judge Couvillier also did not underappreciate *Garver*. That case never addressed whether the cross-motion was timely as the *Garver* court had already determined that disputed issues of material fact remained, precluding summary judgment to either party in that matter. 2011 WL 6002969 at *10.

Olympian's second and fourth objections suffer from the same problem: nothing about Stokes' motion for summary judgment required Olympian to wait to file his cross-motion in response. In other words, Olympian could have (and should have) moved for summary judgment on the issue of willful copyright infringement within the dispositive motion deadline—and making that argument did not depend on, nor necessitate, first hearing Stokes' argument regarding direct copyright infringement. While it is possible to imagine a scenario where the content of a cross-motion is so dependent on the initial summary judgment motion that concurrent filing would be impossible, this is not one of those scenarios. Nothing stopped Olympian from trying to timely limit its damages by moving separately on willful copyright infringement and doing so late and in response to the summary judgment motion on direct copyright infringement is untimely and improper.[6]

---

[6] Olympian urges the court to consider the "*merit* of ending this case by granting the motion *and* cross-motion." ECF No. 31 at 1 (emphasis in original). However, even to the extent the court were to consider

For those reasons, I find that the magistrate judge's R&R was neither clearly erroneous nor contrary to law, so I overrule Olympian's objections, adopt the R&R in full, and strike Olympian's cross-motion. *See Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1117 (D. Nev. 2011) ("The Court will not consider Plaintiffs' Counter–Motion [as] Plaintiffs did not timely file the motion [] and filed the Counter–Motion without leave of the Court."); *First 100 LLC v. Bank of Am., N.A.*, 2017 WL 4227937, at *3 (D. Nev. Sept. 21, 2017) (denying cross-motion for summary judgment because it was filed after the dispositive motion deadline).

### B. Stokes is entitled to summary judgment because he has established a prima facie direct copyright infringement claim.

Stokes moves for summary judgment for direct copyright infringement. ECF No. 19. In its response, Olympian "concedes the issue of direct, *non-willful* infringement of the four of [Stokes'] works asserted in the action[,]" ECF No. 21 at 1–2, and separately cross moves for summary judgment on the issue of willful copyright infringement and damages. ECF No. 21. As discussed *supra*, I strike Olympian's cross-motion for willful copyright infringement and thus do not consider that argument.

Despite Olympian's concession on direct copyright infringement, in the abundance of caution, I undergo a brief, independent analysis.

To establish copyright infringement under Title 17, United States Code, Section 101 *et seq*, Stokes must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Range Rd. Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148,

---

Olympian's untimely motion, it appears the case would persist, nonetheless. In its cross-motion, Olympian argues that there is insufficient evidence to adduce the mindset of Raphael Ochoa, the former employee who made the posts, and thus summary judgment on willful copyright infringement is appropriate. ECF No. 21 at 7. Yet, Olympian does not appear to dispute that Ochoa removed or cropped out Stokes' watermark in making the posts, only that, "[o]nly Raphael Ochoa can speak to his state of mind at the time, and what he was or was not aware of or thinking when making the posts." *Id.* While more direct evidence on Ochoa's mindset is ideal, a reasonable jury could find that Ochoa acted willfully in perpetuating copyright infringement by proactively removing the watermarks before posting the Photos. Thus, this case would have proceeded to trial on the issue of willful copyright infringement and damages in any event.

6

1153 (9th Cir. 2012) (internal quotation marks omitted). Based on the evidence Stokes provided in his summary judgment motion, I find that Stokes has established a prima facie case of direct copyright infringement.

### 1. *Stokes possessed valid copyrights for his Photographs.*

It is undisputed that Stokes is the valid copyright owner for the Photographs. Copyright protection extends to "pictorial" and "graphic" works. 17 U.S.C. § 102(a)(5). A certificate of registration validly obtained from the Copyright Office within five years of first publication of a work constitutes prima facie evidence of the originality of the work and of the facts stated therein, including ownership. 17 U.S.C. § 410(c).

Here, Stokes has provided his registrations for the Photographs with the United States Copyright Office. ECF No. 19-3 at 10, 12, 14.[7] All of the Photographs' registrations predate Stokes' discovery of Olympian's use of his Photographs on its social media accounts. I thus find that Stokes meets the first element for a prima facie case of copyright infringement claim.

### 2. *Olympian copied constituent original elements of Stokes' Photographs.*

I further find that Stokes satisfies the second element of his claim: that Olympian copied original constituent elements of his work. "[C]opying is shorthand for the infringing of any of the copyright owner's five exclusive rights[.]" 17 U.S.C. § 106; *see A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) (quotations omitted)). These exclusive rights include the right to reproduce, distribute, publicly display, perform, or create derivative works of a copyrighted work. *See* 17 U.S.C. § 106. Furthermore, public display of a work is "to transmit or otherwise communicate a performance or display of the work to a place specified by clause (1) or to the public, by means of any device or process." 17 U.S.C. § 101; *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1072 (9th Cir. 2021). "Because direct evidence of copying is often not available, a plaintiff can establish copying by showing (1) that the defendant had access to the plaintiff's

---

[7] The court notes that exhibit 4, ostensibly depicting the registration of Photograph 4 on October 19, 2015, under Registration No. VAu 1-222-632, appears to be missing. *See* ECF No. 19-2 at ¶ 17. Because Olympian does not dispute the registration status, Stokes has until May 8, 2024, to produce the missing exhibit 4.

work and (2) that the two works are substantially similar." *Folkens v. Wyland Worldwide*, LLC, 882 F.3d 768, 774 (9th Cir. 2018).

Here, Olympian concedes to copying the Photographs. ECF No. 21 at 1–2. Moreover, the court notes that, with minor differences including the watermark removal and the rotation of an image, the photos appear more than "substantially similar": they are identical. ECF No. 19-2 at ¶¶ 25–29; *see Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1188 (9th Cir. 2016) (Exact copies of images precisely as they appeared on a website gives rise to the compelling inference that images were directly copied) (quoting *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987)). Thus, I find that Stokes has successfully established a prima facie case of direct copyright infringement and that the uncontested request for summary judgment on this issue is appropriate.

## IV.     Conclusion

IT IS THEREFORE ORDERED that Stokes' motion for partial summary judgment **[ECF No. 19] is GRANTED.** The Clerk of Court kindly directed to enter judgment in Stokes' favor on the issue of direct copyright infringement; the issues of willful copyright infringement and damages remain.

IT IS FURTHER ORDERED that Stokes' motion to strike **[ECF No. 24] is GRANTED** and Olympian's cross-motion for summary judgment **[ECF No. 21] is STRICKEN**; Olympian's objections to the magistrate judge's R&R **[ECF No. 31]** are **OVERRULED**, and I adopt the report and recommendation **[ECF No. 30]** in full.

IT IS FURTHER ORDERED that this matter is referred to the magistrate judge for a settlement conference. LR 16-5. If the case does not settle, the parties must file their joint pre-trial order 30 days after the conclusion of the settlement conference.

Dated: May 1, 2024

_____
Cristina D. Silva
United States District Judge